Since I do not believe that James Slade committed a "sexually oriented offense" as that phrase is defined in R.C.2950.01(D)(3), I do not believe that he can be adjudicated a sexual predator. I, therefore, respectfully dissent.
No doubt exists that James Slade knowingly caused serious physical harm to Tonya Brown. Thus, his "guilty" plea to and conviction for felonious assault was completely appropriate.
At all times, Mr. Slade has asserted that the sexual relations he had with Tonya Brown were consensual. Indeed, they had dated for a significant period of time and Tonya Brown had mothered a child for whom James Slade was the father. Mr. Slade had shown no signs of being a person who became sexually excited by beating another person. Thus, there is no reason to believe that he beat Tonya Brown for the purpose of gratifying his sexual needs or desires.
Nothing in the record before us indicates that Mr. Slade is a sadist who is aroused by the very act of beating a woman.
If the state has not proved by clear and convincing evidence that Mr. Slade committed a sexually oriented offense, then the state cannot prove that Mr. Slade is a sexual predator by clear and convincing evidence.
Mr. Slade clearly has a problem controlling his temper, but his lack of ability to manage his aggression should not require law enforcement officials to inform his future neighbors, neighborhood schools, daycare center and a long list of others of his whereabouts for the rest of his life.
Again, I respectfully dissent.